[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married August 12, 1962 in Brooklyn, New York. By complaint dated August 19, 1999, the Wife instituted this action claiming a dissolution of marriage, alimony, counsel fees, an equitable division of the assets and other relief as law and equity might provide.
Three children were born issue of this marriage, however, they are now over the age of eighteen years.
The Wife is age 58 and in fair health. The Husband is age 60 and in good health.
During the course of the marriage, the Husband made a number of unwise CT Page 2429 financial decisions, which impacted the parties' financial situation. As a result, the parties found it necessary to file for bankruptcy in 1998. The court finds that the strain of these financial difficulties coupled with the long work-hours of the Husband were the cause of the breakdown of the marriage. Taking into account certain payments made by the Husband's company to or for the benefit of the husband, this court also finds that the actual income for the Husband is $80,000.00 as opposed to the $41,000.00 reported on his financial affidavit.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
 ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on February 5, 2001.
ALIMONY
The Husband shall pay to the Wife periodic alimony of $2,000.00 per month from the date of the sale of the marital residence, until the Wife dies, remarries, or cohabitates as defined by statute or the Husband dies, whichever occurs first.
MEDICAL INSURANCE
Each party shall be responsible for his or her own medical insurance coverage.
LIFE INSURANCE
The Husband shall maintain his current life insurance, with the Wife designated as the beneficiary, for so long as he is obligated to pay alimony.
PERSONAL PROPERTY
The parties have indicated that they are capable of mutually dividing the personal property in the marital home. Accordingly, it is ordered that the property be divided as the parties may mutually agree. In accordance with the stipulation of the parties, if they are unable to CT Page 2430 agree, Family Relations shall mediate any disagreement between them.
REAL PROPERTY
The Husband is ordered to vacate the marital property at 15 Deer Run Road, Brookfield, Connecticut within 30 days of the date of this dissolution.
The parties are ordered to immediately place the marital property on the market for sale with a licensed real estate broker. The parties shall mutually agree upon a listing price. If they are unable to do so, they shall each select a real estate appraiser. The appraisers selected by the parties shall jointly select a third appraiser who shall then set the listing price and whose fee shall be an expense of the sale. Each party shall be responsible for the fee of his/her respective real estate appraiser. The parties shall accept any offer within 5% of the listing price. Every ninety days the parties shall review the listing price of the property. If they are unable to agree upon a new price, then the previous listing price shall be reduced by 5%.
The Wife shall be solely responsible for any repair under $1,000.00. Any repair in excess $1,000.00 shall be equally divided between the parties, including the removal of the oil tank. The Wife shall not contract for any repairs over $1,000.00 without the prior, written consent of the Husband. The Husband shall not unreasonably withhold his consent. The Attorney for the Husband is holding $1,200.00 in escrow. This Court orders that those funds shall be immediately delivered to the Wife.
Until the marital property is sold, the Husband shall pay the monthly installments due on the first and second mortgages, including taxes and insurance. The Wife shall be solely responsible for all the utilities. The income derived from the rental apartment on the premises shall belong solely to the Wife.
When the property is sold the proceeds shall be divided as follows: The Wife shall be entitled to 50% of the net proceeds. "Net proceeds" shall mean the sales price less the usual and standard costs of closing and the pay-off of the first mortgage. The Husband shall be entitled to 50% of the net proceeds less the pay-off of the second and third mortgage. As there may be a fourth lien for approximately $500,000.00, this Court retains jurisdiction to determine the distribution of the real estate in the event it is determined that this lien was not discharged in the bankruptcy proceedings.
DIVISION OF DEBTS
CT Page 2431
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
HUSBAND'S BUSINESS
The Husband shall retain his businesses, free and clear of any claims by the Wife.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees
JEWELRY
The Wife shall immediately return to the Husband all of the jewelry in her possession which belonged to the Husband's mother.
BANK ACCOUNTS, IRA ACCOUNTS, 401K ACCOUNTS AND RETIREMENT FUNDS
Each party shall retain their respective accounts listed on their financial affidavits, except as follow: a) the parties shall equally divide the Husband's two Salomon, Smith, Barney Accounts (the approximate total value of both accounts is 23,900.00); and b) the parties shall equally divide the Wife's IRA (the approximate value of which is $12,000.00).
COLLECTIONS
The Wife shall retain her Elvis Presley recordings and memorabilia, free and clear of any claim by the Husband. The Husband shall retain his coin collection and gun collection, free and clear of any claim by the Wife.
REAL PROPERTY IN TEXAS
The parties are the joint owners of property in Texas at Horizon Community. This Court orders that the parties shall convert their interest in said property to tenants in common, without the right of survivorship. The parties are directed to prepare and record on the Texas Land Records, any documents necessary to effectuate this order. The parties shall equally share the costs for same.
MOTOR VEHICLES
CT Page 2432
The parties shall be entitled to their respective motor vehicles and each shall be responsible for their own car insurance.
TAXES
In the past, the parties filed joint income tax returns. If there is any liability, cost, or penalty associated with the previous filings of joint income tax returns, the party responsible for the penalty shall be solely responsible for same and shall hold the other party harmless from same.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.